IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 8:11CV8 |
| V. | ) ) | |
| BEEMAC TRUCKING, LLC, LANDSTAR RANGER, INC., and EDWARD SAMUEL EDLING, | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

On or about January 13, 2010, a collision occurred between Plaintiff Union Pacific Railroad Company's ("Plaintiff") locomotive and a grapple truck. Defendants Beemac Trucking, LLC ("Beemac") and Landstar Ranger, Inc. ("Landstar") (collectively referred to herein as "Defendants") were the motor carriers engaged to transport the grapple truck to Plaintiff's rail yard.

Following the collision, Plaintiff performed two investigations. A civil investigation was conducted by Adolfo Aguilar ("Aguilar"), a member of Plaintiff's claims department. A criminal investigation was performed by Special Agent Billy Barefield ("Barefield"), a member of Plaintiff's police department.[1] At the time of the accident, Barefield was a law enforcement officer commissioned by the State of Louisiana with full policing authority. Barefield's investigation centered on whether any crimes were perpetrated in relation to the incident with the grapple truck. During his investigation, Barefield communicated with the Caldwell Parish Sheriff's Office and the Caldwell Parish District Attorney to update the authorities as to whether he had discovered any evidence of criminal activity. No criminal prosecution was ever undertaken in relation to the accident.

---

[1] Plaintiff is a Class I Railroad with its own police department to protect property owned by Plaintiff and to investigate criminal activity in railroad-related matters.

On or about June 27, 2011, December 14, 2011 and August 6, 2012, Landstar served Requests for Production of Documents upon Plaintiff.  Plaintiff responded to such requests by producing responsive documents and by providing a privilege log claiming privilege on other items which were not produced.  These withheld items generally include:  (1) documents and/or correspondence relating to and/or involving Barefield; (2) documents and/or correspondence involving third-parties, ARI Fleet Management Services ("ARI") and HUB Enterprises, Inc. ("HUB"); and (3) documents and/or correspondence relating to one of Plaintiff's experts, William Messerschmidt ("Messerschmidt").  These documents are identified on Plaintiff's privilege log as item Nos. 6, 7, 8, 15, 19, 20, 22, 23, 27, 28, 32, 35, 36, 39, 40, 43, 46, 49, 56, 58, 60, 62, 64, 65, 66, 71, 72, 74, 78, 79, 81, 82, 84, 85 and 93.

On August 16, 2011, Beemac served its Request for Production of Documents upon Plaintiff.  Beemac's Request No. 1 asks for Barefield's complete investigative file.  In response to Request No. 1, Plaintiff objected, asserting that the investigation performed by Barefield was done in anticipation of litigation at the direction of Plaintiff's counsel and that Barefield's investigative file was protected from disclosure by the attorney-client privilege and/or the work product doctrine.

The parties entered into a Confidentiality Agreement on December 1, 2011.  Beemac believed that the Confidentiality Agreement would result in the production of Barefield's complete, unredacted investigative file.  Plaintiff produced the investigative file on February 16, 2012, however, redactions were made on multiple pages.

Landstar and Beemac filed respective motions to compel production of the withheld documents.  (Filings 96 & 99.)  On November 14, 2012, the Court ordered an *in camera* inspection of these documents.  (Filing 129.)  Having reviewed the materials, the Court will grant Beemac's motion to compel (filing 99) and will grant Landstar's motion to compel (filing 96), in part.

2

## ANALYSIS

**I.     Correspondence involving Barefield and Barefield's Investigative File**

Plaintiff contends that the correspondence involving Barefield, as well as Barefield's investigative file, are protected from disclosure by the attorney-client privilege and work product doctrine. The attorney-client privilege shields from disclosure confidential communications made for the purpose of facilitating the rendition of legal services. Neb. Rev. Stat. § 27-503. The work product doctrine, which is broader than the attorney-client privilege, shields from disclosure documents prepared in anticipation of litigation by or for another party or its representative, including the party's consultants, insurers and agents. Fed. R. Civ. P. 26. The test for determining whether a document was prepared in anticipation of litigation is whether, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (quotation and citation omitted).

Defendants argue that Plaintiff's objections to the production of the materials involving Barefield should be overruled because Barefield's investigation was initiated and conducted in the course of the normal business operations of Plaintiff's police department. Defendants also maintain that documents related to Barefield are discoverable because, in conducting his criminal investigation, Barefield was acting in the capacity as a law enforcement officer commissioned by the State of Louisiana, not merely as a corporate employee.

Having examined the materials in question, and having considered the facts presented in this case, it is clear to the Court that the documents relate to a criminal investigation conducted by a police officer, not a civil investigation undertaken by a corporate employee. There is no indication that Barefield was preparing his file or pursuing his investigation in anticipation of future civil litigation or that communications were made for purposes of facilitating the rendition of legal services. Rather, it is apparent that the purpose of Barefield's investigation was to investigate possible criminal activity with the goal of

3

pursuing criminal charges. Therefore, Plaintiff will be ordered to produce Barefield's complete, unredacted investigative file, as well as item Nos. 6, 7, 8, 15, 19, 20, 22, 23, 35, 36, 39, 40 and 93 as identified on Plaintiff's privilege log.

## II.     Communications with HUB and ARI

Landstar maintains that Plaintiff has failed to show that the communications with HUB and ARI are protected because Plaintiff has not demonstrated that the purpose of the communications was to provide legal services. In its brief, Plaintiff explains that it employed HUB for purposes of performing independent investigations to evaluate Plaintiff's possible civil claim related to the grapple truck incident. Plaintiff asserts that ARI is under contract with Plaintiff to manage and maintain Plaintiff's trucks and that ARI was contacted to obtain information to evaluate Plaintiff's possible claim against Defendants in anticipation of litigation. A review of the documents has revealed that Plaintiff's representations with respect to its relationship with these third-parties and the nature of the communication is accurate. Landstar's motion to compel is denied with respect to items Nos. 27, 28, 32, 43, 46, 49, 56, 58, 60, 62, 64, 65, 66, 74, 78, 79, 81, 82, 84 and 85.

## III.    Communications with Expert Witness William Messerschmidt

Landstar requests that Plaintiff produce communications with Plaintiff's expert, William Messerchmidt, that (1) relate to compensation for the expert's study or testimony; (2) identify facts or data that your attorney provided and that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that your attorney provided and that the expert relied on in forming the opinions to be expressed. Landstar represents that it seeks nothing more than communications that relate to the exceptions set forth in Fed. R. Civ. P. 26(b)(4)(c). Plaintiff contends that all documents responsive to Landstar's request have been provided and that the communications with Messerschmidt identified on Plaintiff's privilege log as item Nos. 71 and 72 are not subject to discovery. Following a review of the documents at issue, the Court agrees that item Nos. 71 and 72 are neither discoverable nor responsive to Landstar's discovery request.

Accordingly,

**IT IS ORDERED:**

1. Landstar's motion to compel (filing 96) is granted, in part. By or before December 5, Plaintiff shall produce the documents identified as item Nos. 6, 7, 8, 15, 19, 20, 22, 23, 35, 36, 39, 40 and 93 on its privilege log. Landstar's motion is denied in all other respects.

2. Beemac's motion to compel (filing 99) is granted. Plaintiff shall produce the complete, unredacted file of Billy Barefield by or before December 5, 2012.

**DATED November 28, 2012.**

                                    **BY THE COURT:**

                                    **S/ F.A. Gossett**
                                    **United States Magistrate Judge**