IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 8:11CV8 |
| V. | ) ) | |
| BEEMAC TRUCKING, LLC, LANDSTAR RANGER, INC., and EDWARD SAMUEL EDLING, | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

Plaintiff Union Pacific Railroad Company ("Union Pacific") has moved the Court for an order granting it leave to supplement the Final Order on Pretrial Conference ("Pretrial Order"). (Filing 269.) The Pretrial Order (filing 232) was entered by the Court on October 28, 2013. Union Pacific wants to amend the Pretrial Order so as to include its non-retained expert witnesses and their qualifications. Union Pacific claims these individuals, namely, Adolfo Aguilar ("Aguilar") and Cynthia Thompson ("Thompson"), were inadvertently omitted from the "expert witness" sub-section of the Pretrial Order. Union Pacific argues that Defendants will not be prejudiced by the addition of these individuals because they were disclosed as non-retained expert witnesses on July 30, 2012, and were identified in the Pretrial Order as witnesses that Union Pacific will call at trial.

Defendant Beemac Trucking, LLC ("Beemac") opposes Union Pacific's motion, arguing that it would be prejudiced by any amendment. Beemac argues that it identified witnesses based on Union Pacific's witness designations as set forth in the Pretrial Order, and that changes to the Order at this point would likely result in further pretrial motions. Beemac asserts that with the approaching holidays, it will have little time to adjust its trial strategy in advance of the January 21, 2014, trial date. Beemac also points out that the trial of this matter was originally scheduled to begin on November 12, 2013, but on November 7, 2013, was unexpectedly continued. Beemac maintains that Union Pacific is seeking to exploit the trial continuance in an effort to bolster its case because Union Pacific now realizes, as a

result of a motion regarding the admissibility of certain evidence filed by Beemac (filing 241), that Union Pacific's evidence with respect to certain issues is deficient.

Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial order may only be modified "to prevent manifest injustice." Fed. R. Civ. P. 16. The party seeking to amend the order has the burden of establishing that amendment is necessary. *Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). Union Pacific's counsel submitted a brief and affidavit in support of the motion to amend. Neither the brief nor the affidavit contain any explanation as to how the purported omissions occurred. Moreover, Union Pacific has not explained how it would be harmed by requiring it to abide by the Pretrial Order as presently written. Union Pacific was apparently prepared to try this case in accordance with the Pretrial Order until unforseen personal circumstances resulted in a last-minute continuance of the trial. Having carefully considered the matter, the Court finds that Union Pacific has not demonstrated that supplementation of the Pretrial Order is warranted.

Accordingly,

**IT IS ORDERED** that Union Pacific's Motion to Supplement Final Pretrial Order (filing 269) is denied.

**DATED November 18, 2013.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**