IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BEEMAC TRUCKING, LLC, LANDSTAR RANGER, INC., and EDWARD SAMUEL EDLING,<br><br>Defendants. | CASE NO. 8:11CV8<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion in Limine to Ascertain the Admissibility of Evidence (Filing No. 241) submitted by Defendant Beemac Trucking, LLC ("Beemac"); the Motion in Limine (Filing No. 264) submitted by Defendants Landstar Ranger, Inc. ("Landstar") and Edward Samuel Edling ("Edling"); and the Objection to Magistrate Judge's Order (Filing No. 281) submitted by Union Pacific Railroad Company ("Union Pacific"). For the reasons discussed below, all the motions will be denied.

**I.  The Beemac Motion**

Beemac asks the Court to limit the scope of testimony to be offered by Union Pacific's witnesses, Matthew Miller and Cynthia Thompson.

*A.  Matthew Miller*

Beemac argues that Miller, designated by Union Pacific as an expert witness on the issue of certain damages, is not qualified to offer opinions as to:

1) Injuries allegedly sustained by the FELA claimants,

2) Medical diagnoses of any injuries actually sustained by the FELA claimants,

3) Causation of any injuries claimed or sustained by the FELA claimants,

4) The necessity of medical treatment received by the FELA claimants,

5) Medical treatment received by the FELA claimants,

6) The amount of medical expenses incurred by the FELA claimants,

7) Whether the medical expenses incurred by Union Pacific as a result of the FELA claims were necessitated by the accident,

8) Other damages claimed by the FELA claimants,

9) The amounts(s) of any settlements received by the FELA claimants,

10) Whether any amounts paid by Union Pacific pursuant to FELA were necessitated by the accident, fair reasonable, and/or made in good faith,

11) Any interpretation of FELA, the substance of FELA, and any requirement of FELA, and

12) Any interpretation of the Carmack Amendment, the substance of the Carmack Amendment, and any requirements of the Carmack Amendment.

Union Pacific argues that the Motion is untimely and, even if not untimely, it should be denied because (1) if Beemac is liable to Union Pacific under its Carmack Amendment Claim, Beemac's liability for damages Union Pacific incurred in the payment of certain FELA claims turns on the question of whether such damages were reasonably foreseeable to Beemac at the time it entered into its contract with Union Pacific, and (2) Miller is qualified to testify about whether Union Pacific's payment of the FELA claims was reasonable, fair, and made in good-faith.  Union Pacific notes that Miller will not be offering any testimony or opinions about the law or what the law requires.

In response, Beemac argues that Union Pacific must prove not only that Union Pacific's FELA damages were reasonably foreseeable to Beemac at the time it entered into the contract with Union Pacific, but also that the damages were caused by Beemac.

Assuming Beemac's Motion was timely, or that there was good cause for Beemac's submission of an untimely motion, the myriad of objections Beemac presents regarding Miller's potential testimony will best be addressed at the time of trial.

### B.  Cynthia Thompson

Beemac argues that Thompson should be precluded from offering testimony about the value of the grapple truck, because she was not designated as an expert. Specifically, Beemac argues that although Thompson might be qualified to testify about the procurement cost of the truck, only an expert would be qualified to testify about its depreciation or its salvage value.

Union Pacific responds that Thompson was disclosed as a non-retained expert expected to testify about the calculation of Union Pacific's damages in connection with the loss of the grapple truck, and Union Pacific filed a motion to supplement the pretrial order to include Thompson's expert qualifications.  (Union Pacific's motion to supplement the pretrial order was denied by Magistrate Judge Gossett on November 18, 2013, at Filing No. 275, and Union Pacific's Objection to the Magistrate Judge's Order, addressed below, will be denied.)  Finally, Union Pacific argues that Thompson has the requisite knowledge to offer a lay opinion about the value of the grapple truck as an employee of the company that owned the truck.

Thompson may testify as a lay witness and the Court will not preclude her, in limine, from offering testimony about the value of the grapple truck. Beemac may assert its objections, foundational and otherwise, at the time of trial.

## II. The Landstar/Edling Motion

Landstar and Edling ask the Court to prohibit Union Pacific from presenting evidence or argument regarding (1) the electronic control unit ("ECU") taken from the grapple truck, and (2) the cross-claims among the Defendants, including claims for indemnification or contribution.

Union Pacific argues (1) the Motion is untimely, (2) Union Pacific has no intention of violating the Court's earlier order (Filing No. 226) regarding the ECU, and (3) certain evidence related to the cross-claims among the parties is relevant to elements of Union Pacific's claim and the probative value of such evidence outweighs any potential prejudicial impact on the Defendants.

Landstar and Edling reply that are not attempting to preclude Union Pacific from offering in its case-in-chief any of the exhibits listed in its opposition brief, but are only attempting to preclude Union Pacific from presenting evidence, comment, or argument about claims between the Defendants, including claims for indemnification or contribution.

The Court will not repeat herein the factual basis or legal analysis that led to Court to sustain the Defendants' earlier motions in limine regarding the ECU data. The Court's earlier order (Filing No. 226) remains in effect, and the pending Landstar/Edling Motion as it relates to the ECU is moot.

The cross-claims among the Defendants will be the subject of a separate trial to the bench. (*See* Text Order at Filing No. 236.) At the time of the pre-trial meeting with counsel on the first day of trial, the Court will discuss with counsel a proposed preliminary jury instruction advising the jurors that they are not to concern themselves with any claims among the Defendants, and that any opinions expressed by one Defendant suggesting fault on the part of another Defendant is not evidence of the second Defendant's liability to Union Pacific. With respect to specific questions that may be posed by Union Pacific's counsel, or specific exhibits that may be offered by Union Pacific, the Defendants' objections will be entertained at the time of trial.

### III. Union Pacific's Objection to the Magistrate Judge's Order

In an appeal from a magistrate judge's order on a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The district court "must consider timely objections and modify or set aside any part of the [magistrate's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Here, the Pretrial Order was entered on October 28, 2013. This matter was set for trial on November 12, 2013. On November 7, 2013, counsel for Union Pacific moved to continue the trial. The Court granted Union Pacific's motion to continue the trial, and rescheduled the trial for January 21, 2014. On November 13, 2013, Union Pacific moved to amend the Pretrial Order to add two expert witnesses, including Thompson. Beemac promptly opposed the motion to amend, and Magistrate Judge Gossett denied the motion on November 18, 2013. Magistrate Judge Gossett's order

5

(Filing No. 275) is neither clearly erroneous nor contrary to law.  It is well-reasoned, and this Court agrees with his conclusion that an amendment to the Pretrial Order as suggested by Union Pacific is not warranted considering the procedural history of this case, nor is the suggested amendment necessary to prevent any manifest injustice. Accordingly,

IT IS ORDERED:

1.  The Motion in Limine to Ascertain the Admissibility of Evidence (Filing No. 241) submitted by Defendant Beemac Trucking, LLC, is denied;

2.  The Motion in Limine (Filing No. 264) submitted by Defendants Landstar Ranger, Inc., and Edward Samuel Edling is denied;

3.  Union Pacific's Objection to Magistrate Judge's Order (Filing No. 281) is overruled; and

4.  Magistrate Judge Gossett's Order (Filing N. 275) denying Union Pacific's Motion to Supplement the Final Pretrial Order is affirmed.

Dated this 13th day of December, 2013.

BY THE COURT:

s/ Laurie Smith Camp
Chief United States District Judge