IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 8:11CV8 |
| V. | ) ) | |
| BEEMAC TRUCKING, LLC, LANDSTAR RANGER, INC., and EDWARD SAMUEL EDLING, | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's Motion to Compel Attendance at Trial (filing 283) and the Motion to Quash (filing 294) filed by Edward Samuel Edling ("Edling"). For the reasons set forth below, Plaintiff's Motion to Compel will be denied, and Edling's Motion to Quash will be granted.

**BACKGROUND**

This action arises out of a collision which occurred between Plaintiff's locomotive and a grapple truck. Plaintiff's Complaint asserted two causes of action against Edling, specifically, negligence and common law indemnity. (Filing 1.) On March 7, 2013, the Court dismissed Plaintiff's claims against Edling with prejudice. (Filing 196.) Thus, Edling's current involvement in this matter relates to the cross-claims for indemnification and breach of contract which he filed against Defendant Beemac Trucking, LLC ("Beemac").

The trial of Plaintiff's claims against Beemac and Defendant Landstar Ranger, Inc. ("Landstar") is set for a jury trial. However, pursuant to an order of this Court, Edling's cross-claims will not be heard by the jury, but will be tried to the bench. (Filing 236.)

Because Edling will not voluntarily appear at trial, Plaintiff has filed a motion seeking to compel Edling's appearance. Alternatively, Plaintiff asks that the Court compel Edling

to testify via video transmission from a remote location. On December 6, 2013, Edling filed a motion to quash the subpoenas issued to him by Plaintiff.

## DISCUSSION

Federal Rule of Civil Procedure 45, which was recently amended, governs the use of subpoenas in civil cases. Fed. R. Civ. P. 45. Plaintiff contends that this Court can compel Edling to attend trial under Fed. R. Civ. P. 45 because Edling is a party to this action. The Court disagrees. Given the dismissal of Plaintiff's claims against Edling, and in light of the fact that Edling's cross-claims against Beemac will be tried separately to the bench, Edling, for all intents and purposes, is no longer a party to Plaintiff's lawsuit. *See Mgt. Gaming v. Wms Gaming, Inc.*, No. 3:12-CV-741, 2013 WL 5755247, *18 (S.D. Miss. Oct. 23, 2013) (finding that a party was considered a non-party for purposes of Rule 45(c) because the court had stayed and severed the claims asserted against that party). Both the pre-amendment and revised version of Rule 45 mandates that the Court quash or modify a subpoena that requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that individual resides, is employed, or regularly transacts business. *Compare* Fed. R. Civ. P. 45(c)(3)(A)(ii), *with* Fed. R. Civ. P. 45(d)(3)(A)(ii) (2013 Revised Edition). Edling apparently resides in Salem, Ohio, which is over 100 miles from Omaha, Nebraska, where the trial in this case will take place. Therefore, pursuant to Rule 45, the Court must quash the subpoenas.

Plaintiff alternatively argues that this Court may compel Edling to testify via contemporaneous transmission pursuant to Fed. R. Civ. P. 43. Rule 43 provides that the Court may "[f]or good cause in compelling circumstances and with appropriate safeguards" permit testimony by contemporaneous transmission from a different location. Fed. R. Civ. P. 43. The Court likewise rejects this argument. Even if Plaintiff could subpoena Edling, Plaintiff has not demonstrated that good cause or compelling circumstances exist which warrant Edling's remote testimony. As grounds for remote testimony, Plaintiff asserts that the jury should be able to assess Edling's credibility in a real-time setting. Plaintiff previously took a videotaped deposition of Edling. The deposition testimony is sufficient for trial.

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Attendance at Trial or Alternatively to Present Testimony by Contemporaneous Transmission (filing 283) is denied.

2. Edward Samuel Edling's Motion to Quash (filing 294) is granted.

**DATED December 20, 2013.**

          **BY THE COURT:**

          S/ F.A. Gossett
          **United States Magistrate Judge**